```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :    CRIMINAL ACTION
                                :
     v.                         :
                                :
EDUARDO GREGORIO AZOCAR         :    NO. 16-137-1
```

MEMORANDUM

Bartle, J.                                    February 22, 2021

The court has before it the motion of defendant Eduardo Gregorio Azocar, acting pro se, for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On February 11, 2020, defendant pleaded guilty to one count of attempt to distribute 5 kilograms or more of a Schedule II controlled substance, that is 50 kilograms of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B), and 963 and one count of distribution of 500 grams or more of cocaine intending and knowing such cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959 and 960(b)(2)(B) and 18 U.S.C. § 2.

On July 15, 2020, this court sentenced defendant to 151 months imprisonment to be followed by 5 years of supervised release. Defendant is currently serving his sentence at the

Moshannon Valley Correctional Institute ("Moshannon")[1] in Philipsburg, Pennsylvania with an estimated release date of March 9, 2027. He has served 64 months of his 151-month sentence.

On December 1, 2020, defendant submitted a pro se motion for compassionate release. The Government thereafter filed its response to defendant's motion on February 16, 2021.

II

Defendant's motion for compassionate release relies on § 3582(c)(1)(A) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

1. Moshannon Valley is a privately run federal-contract prison.

2

>             (i)  extraordinary and compelling
>         reasons warrant such a reduction
>             . . .
>
>     and that such reduction is consistent
>     with applicable policy statements issued
>     by the Sentencing Commission.

Defendant has exhausted his administrative remedies. Therefore, the court turns to the elements that a defendant must meet under § 3582(c)(1)(A)(i) to obtain a reduction in sentence. This section provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a
> list of specific examples. Rehabilitation of
> the defendant alone shall not be considered
> an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia;" (2) "suffering from a serious physical or medical condition;" (3) "suffering from a serious functional or cognitive impairment;"

3

or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

### III

Defendant asserts that compassionate release should be granted because of his pre-existing medical conditions of Type 2 diabetes, hyperlipidemia, asthma, and chronic hypertension which he claims put him at "high risk of severe illness or death if [he] contract[s] COVID-19." Defendant avers that the Center for Disease Control and Prevention ("CDC") lists Type 2 diabetes as a medical condition which places a person at an especially high risk of serious illness or death from COVID-19.

In support of his motion, defendant avers that he: is not a danger to the community; pleaded guilty and accepted responsibility for his crime and thus understands the seriousness of the offense; did not possess or carry a firearm in the commission of his non-violent offense; has served sufficient time to fulfill the objectives of deterrence; has maintained good behavior while in prison; and will be deported to a stable home in Venezuela after his release. With respect to the pandemic, defendant provides extensive information about

4

the potential dangers to those in prison facilities and the current rates of infection and testing in federal prisons.

According to the Government, defendant's medical records disclose that he has Type 2 diabetes, asthma, and hyperlipidemia, all of which are currently treated with medication, and that there is nothing in his records to indicate he has hypertension.  The Government concedes that defendant's Type 2 diabetes is a serious medical condition since it increases the risk of a more serious case of COVID-19 according to the CDC and thus warrants consideration for compassionate release.  Despite defendant's medical condition, however, the Government argues that defendant should not be entitled to relief since there are other pertinent § 3553(a) factors at issue in this case.

Specifically, the Government contends that defendant's medical conditions are appropriately managed.  The Government also notes that defendant was only recently sentenced in July 2020, which was after the pandemic had begun, and that there has been no material change in defendant's health since his sentencing.  The Government maintains that defendant still poses a danger to the community due to the high quantity of cocaine he attempted to import to this country and that his service of 64 months of his 151-month sentence does not reflect the seriousness of his offense or promote respect for the law and

adequate deterrence. Accordingly, the Government argues that release is inappropriate at this time.

The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for defendant and all others in prison. However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease. See United States v. Roeder, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020). The Bureau of Prisons, including Moshannon, has in place protocols to deal with this disease, and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates.

Although the court acknowledges that defendant has Type 2 diabetes, which the CDC recognizes as a risk factor for more serious cases of COVID-19, the court's analysis does not end there. Section 3582(c)(1)(A) requires the court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the court may reduce his sentence. These factors include the need to: "reflect the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect the seriousness of the offense;" "promote respect of the law;" and "afford adequate deterrence to criminal conduct."

In this regard, defendant avers that: "there was no evidence of violence" associated with his charge and plea; he did not carry or possess a firearm at the time of the offense; he is not the leader of a drug organization; and his criminal history is a Category 1.  Defendant claims, and the Government agrees, that he has maintained good behavior while incarcerated.  In addition, defendant argues that a "sentence of time served also sufficiently serves the objectives of deterrence and protection and it provides just punishment."

While the court accepts defendant's representation that he has stayed out of trouble in prison and that his underlying offense was not one of violence, these factors alone do not allow for his release.  Under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.  In any event, his rehabilitation does not outweigh other § 3553(a) factors which support the need for him to serve the sentence imposed.

The court cannot ignore the seriousness of defendant's offense.  As previously noted, defendant pleaded guilty to distributing a large quantity of cocaine knowing that it would be imported into the United States.  This crime is of a serious nature, and defendant still has over half of his sentence yet to serve.  Releasing defendant now would not appropriately reflect

7

the nature and circumstances of his offense, promote just punishment, or afford adequate deterrence to criminal conduct. See § 3553(a).

The court, taking all the relevant facts into account, finds that Eduardo Gregorio Azocar has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the court will deny the motion of defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A).